Zimmerman, J.
 

 It is obvious from the pleadings that this controversy involves relator’s right to claim the “additional pension” provided by paragraph c of Section 486-60, General Code.
 

 Section 486-47, General Code, provides:
 

 “Any other provisions of law notwithstanding, one year of contributing membership in the retirement system shall entitle a member to receive prior service credit for services prior to January 1, 1935, in any capacity which comes within the provisions of the Public Employees’ Retirement - Act,' provided that such
 
 *348
 
 member bas not lost membership at any time by the withdrawal of his accumulated contributions upon separation * *
 

 Section 486-48, General Code, recites:
 

 “Any other provisions of law notwithstanding, on and after June 30,1941, any elective official of the state of Ohio or of any political subdivision thereof having employees in the Public Employees’ Retirement System shall be considered as an employee of the state of Ohio or such political subdivision, and may become a member of the Public Employees’ Retirement System upon application to the retirement board, with all the rights, privileges and obligations of membership. Service as any such elective official by any member of the retirement system prior to January 1,1935, shall be included as prior service.
 

 “Credit for service between January 1, 1935, and June 30, 1941, may be secured by such elective official provided he shall pay into the employees savings fund an amount equal to the accumulated contributions of such member had he been a member during such period. The retirement board shall determine the amount and manner of payment of such contributions.”
 

 Section 486-59, General Code, provides, in part:
 

 ‘ ‘ On and after January 1, 1939, any member, except a new member with less than five years of service, who has attained sixty years of age, may retire by filing with the retirement board an application for retirement. The filing of such application shall retire such member as of the end of the quarter of the calendar year then current.”
 

 Section 486-60, General Code, reads:
 

 “Upon superannuation retirement, a state employee shall be granted a retirement allowance consisting of:
 

 “(a) An annuity having a reserve equal to the amount of the employees accumulated contributions at
 
 *349
 
 that time, and, provided, snch.employee shall not hold any remunerative office or employment in any federal, state, county or local government.
 

 “(b) A pension of equivalent amount, and
 

 “(c) An additional pension, if such employee is an original member, equal to one and one-third per cent-um of his average prior-service salary multiplied by the number of years of service in his prior-service certificate. ’ ’
 

 Section 486-32, General Code, defines the words and phrases used in the act establishing the retirement system. Paragraph 22 states:
 

 “ ‘Original member’ of the Public Employees’ Betirement System shall mean a state, county, municipal, park district, conservancy, health, township or public library employee who was at any time a state, county, municipal, park district, conservancy, health, township or public library employee prior to the thirtieth day of June, 1938, whether or not such employment has been continuous and who became a member of the retirement system on or before June 30, 1938.”
 

 Paragraph 23 of the same section reads:
 

 “ ‘New member’ of the Public Employees’ Betirement System shall mean a state, county, municipal, park district, conservancy, health, township or public library employee who shall become a state, county, municipal, park district, conservancy, health, township or public library employee and a member of the retirement system at a date subsequent to June 30,1938.”
 

 Under his interpretation of the quoted statutes, and in support of his cause, the relator contends:
 

 (1) That his service as a public official prior to June 30, 1938, and the payment by him into the employees’ savings fund of an amount equal to the accumulated contributions which he would have paid had he been a member between January 1, 1935, and June 30, 1.941,
 
 *350
 
 as provided by Section 486-48, General Code, constitutes him an original member of the retirement system, which entitled him, upon his retirement, to the additional pension granted by paragraph “c” of Section 486-60, General Code.
 

 (2) That an elective official of a municipality, who becomes a member of the Public Employees’ Retirement System and pays into the employees’ savings fund an amount equal to the contributions which would have accumulated had he been such member from January 1, 1935, to June 30, 1941, is in law a contributing member from January 1, 1935, and his rights and privileges under the act are to be governed accordingly- '
 

 In its argument opposing the relator’s position, the respondent contends that as a condition precedent to the right of any retiring member of the Public Employees ’ Retirement System to claim the “additional pension” under,paragraph (c) of Section 486-60, General Code, he must have (1)' actually become a member of the retirement system on or before June 30, 1938, or (2) have been.in fact a “contributing member” thereof for at least one year before his retirement.
 

 From such premises the respondent insists that since relator was not a member of the system on or before. June 30, 1938, and since he was a contributing member only from August 1,1941, the effective date of Section 486-48, General Code, until December 31, 1941, the date when .his public service ended, a space of but five months, he does not meet either of the requirements necessary to entitle him to the “additional pern, sion.”
 

 " Amplifying such claims, the respondent points out that the retirement act as passed in 1933, embraced only appointive employees, and still relates, primarily to that class;.that the addition of elective officials was by Section 486-48, General Code, enacted in 1941; that
 
 *351
 
 while Section’486-48, General Code, gave relator, as an elective official, “all the rights, privileges and obligations of membership,” it does not in terms constitute him an “original member,” nor does it establish his right to a pension. Under this section,
 
 if he is entitled to a pension,
 
 his public service prior to January 1, 1935, as an elective official, shall be included in computing it. Eelator’s right, argues the respondent, to receive the additional pension must be found, if at all, in Section 486-47, General Code, which requires “one year of contributing membership” before such additional pension can be effectively claimed.
 

 Eespondent stresses the proposition that the Public Employees’ Eetirement System is essentially designed to benefit appointive employees; that the principal source of retirement allowances is contributions from such employees and their employers, made over an appreciable length of time; that no appointive employee can have the “additional pension” unless he has been a contributing member for at least one year before his retirement; and that it is inconceivable that the General Assembly intended to place an elective official in a better and more advantageous position.
 

 While, frankly, the question is not wholly free from . doubt, a majority of this court is of the opinion that the respondent’s reasoning and contentions are the more persuasive and tenable, and that respondent Should prevail.
 

 Delator not having shown a clear legal right to the writ of mandamus, or a breach of a duty specially enjoined by law on the part of the respondent, the demurrer to. the answer is overruled and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Williams, Matthias and Hart, JJ., concur.
 

 Bell and Turner, JJ., dissent.